UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK TENERELLI,<br><br>              Plaintiff,<br><br>       v.<br><br>SHASTA COUNTY JAIL, et al.,<br><br>              Defendants. | No.  2:14-cv-0553-WBS-EFB P<br><br>ORDER GRANTING IFP AND DISMISSING COMPLAINT WITH LEAVE TO AMEND |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983 and Title II of the Americans with Disabilities Act.  In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**I.       Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).  Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

**II.      Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

1

§ 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**III.    Screening Order**

In his February 26, 2014 complaint (ECF No. 1), plaintiff names the Shasta County Jail, Shasta County, and Dave Kent (jail administrator) as defendants. His allegations, in their entirety, consist of the following:

2

> The Jail facility has violated the Americans with Disabilities Act[ ] by discrimitorilly [sic] housing me in solitary confinement due to a lack of bed space. Using the administrative segregation classification, 23 hour lockdown also denial of access to school religious services stating that inmates housed in medical ar[e]n't allowed services. There are NO handicap access to fitness equiptment [sic] handraile [sic] access to top bunks/steps to the showers restroom handrails not provided. This problem has exi[s]ted since this jail was built; I know because I helped build.

ECF No. 1, § IV.  In his request for relief, plaintiff states, "one million dollars/I have titanium knee replacements/broken back/just had aneurism (heart) operation logging 20 trees and a few other body injuries." *Id.*, § V.

Having reviewed plaintiff's complaint pursuant to § 1915A, the court finds that the allegations are too vague and conclusory to state a cognizable claim for relief.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  *Id.*  Because plaintiff fails to state a claim for relief, the complaint must be dismissed.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

A municipal entity or its departments (such as a county, a county jail, or a county employee acting in an official capacity) is liable under section 1983 only if plaintiff shows that his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom.  *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 280 (1977); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Villegas v. Gilroy Garlic Festival Ass'n*,

3

541 F.3d 950, 964 (9th Cir. 2008).  In addition, such local government entities may not be held vicariously liable under section 1983 for the unconstitutional acts of its employees under a theory of respondeat superior. *See Board of Cty. Comm'rs. v. Brown*, 520 U.S. 397, 403 (1997).  That is, plaintiff may not sue any defendant on the theory that the defendant is automatically liable for the alleged misconduct of subordinate officers.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).

Title II of the Americans with Disabilities Act ("ADA"), prohibits a public entity from discriminating against a qualified individual with a disability on the basis of disability.  42 U.S.C. § 12132.  In order to state a claim that a public program or service violated Title II of the ADA, a plaintiff must show: (1) he is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability.  *McGary v. City of Portland*, 386 F.3d 1259, 1265 (9th Cir. 2004); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 691 (9th Cir. 2001) ("If a public entity denies an otherwise 'qualified individual' 'meaningful access' to its 'services, programs, or activities' 'solely by reason of' his or her disability, that individual may have an ADA claim against the public entity.").

The ADA authorizes suits by private citizens for money damages against public entities, *United States v. Georgia*, 546 U.S. 151, 153 (2006), and state prisons "fall squarely within the statutory definition of 'public entity.'"  *Pennsylvania Dep't. of Corrs. v. Yeskey*, 524 U.S. 206, 210 (1998).  "To recover monetary damages under Title II of the ADA . . . , a plaintiff must prove intentional discrimination on the part of the defendant."  *Duvall v. County of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001).  The standard for intentional discrimination is deliberate indifference, which "requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood."  *Id.* at 1139.

"In suits under Title II of the ADA . . . the proper defendant usually is an organization rather than a natural person . . . .  Thus, as a rule, there is no personal liability under Title II."  *Roundtree v. Adams*, No. 1:01-cv-06502-OWW-LJO, 2005 U.S. Dist. LEXIS 40517, at *22 (E.D. Cal. Dec. 1, 2005) (quotations and citations omitted).  Indeed, a plaintiff cannot bring an action

1  under 42 U.S.C. § 1983 against a State official in his individual capacity to vindicate rights
2  created by Title II of the ADA.  *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002).  Thus, an
3  ADA plaintiff may seek injunctive relief against an individual defendant only if the defendant is
4  sued in his or her official capacity.  *Miranda B. v. Kitzhaber*, 328 F.3d 1181, 1187-88 (9th Cir.
5  2003).

6       Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a
7  cognizable legal theory against a proper defendant and sufficient facts in support of that
8  cognizable legal theory.  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)
9  (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in
10 their complaints).  Should plaintiff choose to file an amended complaint, the amended complaint
11 shall clearly set forth the claims and allegations against each defendant.  Any amended complaint
12 must cure the deficiencies identified above and also adhere to the following requirements:

13      Any amended complaint must identify as a defendant only persons who personally
14 participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v.*
15 *Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a
16 constitutional right if he does an act, participates in another's act or omits to perform an act he is
17 legally required to do that causes the alleged deprivation).   It must also contain a caption
18 including the names of all defendants.  Fed. R. Civ. P. 10(a).

19      Any amended complaint must be written or typed so that it so that it is complete in itself
20 without reference to any earlier filed complaint. L.R. 220.  This is because an amended
21 complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the
22 earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114
23 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter
24 being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.
25 1967)).

26      Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil
27 Procedure, this court's Local Rules, or any court order may result in this action being dismissed.
28 *See* E.D. Cal. L.R. 110.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 12) is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The complaint is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "First Amended Complaint." Failure to comply with this order will result in dismissal of this action for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated: May 6, 2015.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE